# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KELLY HENDERSON,

        Plaintiff,

v.                                                      Case No. 3:20-cv-260-JRK

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social
Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I.  **Status**

Kelly Henderson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of obesity, high blood pressure, asthma, bronchitis, arthritis (including Rhuematoid arthritis), osteoporosis, a

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed September 15, 2020; Reference Order (Doc. No. 16), entered September 16, 2020.

degenerative knee and associated pain and surgery, a severe back injury and associated pain, degenerative disc disease, arm pain, severe ankle pain due to an injury, and depression. See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September 14, 2020, at 88, 100, 114, 132, 149, 295.

On February 23, 2017, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 1, 2015. Tr. at 264-65 (DIB), 266-71 (SSI).[3] The applications were denied initially, Tr. at 99-112, 127, 130, 177-79 (DIB); Tr. at 113-26, 128, 129, 174-76 (SSI), and upon reconsideration, Tr. at 131-47, 165, 167, 181-85 (DIB); Tr. at 148-64, 166, 168, 186-90 (SSI).[4]

On February 11, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 41-87. At the time of the hearing, Plaintiff was 53 years old. Tr. at 50. On March 6, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 21-33.

---

[3] Although actually completed on February 23, 2017, see Tr. at 264, 266, the protective filing date of the applications is listed elsewhere in the administrative transcript as February 22, 2017, see, e.g., Tr. at 100, 114, 132, 149.

[4] The administrative transcript also contains a denial of a DIB claim that was filed on December 15, 2014 with a protective filing date of December 14, 2014. See Tr. at 88-96, 97, 98, 169-71; see also Tr. at 258-61 (DIB application summary).

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, see Tr. at 256-57, and submitted additional evidence in the form of a Medical Source Statement by Michael Scheer, M.D., Tr. at 2, 5-6; see also Tr. at 8-12 (Dr. Scheer's statement). On January 21, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On March 16, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes four arguments: 1) "the Appeals Council abused its discretion in declining to admit [Plaintiff's] treating source's arthritis medical source statement into the record as 'new and material' evidence"; 2) "the ALJ accorded inadequate weight to the opinions of examining physicians, Drs. Guy and O'Brien"; 3) "the ALJ's [residual functional capacity ('RFC')] finding is not supported by substantial evidence of record"; and 4) "the ALJ failed to properly assess [Plaintiff's] alleged symptoms and limitations." Plaintiff's Memorandum of Law in Support of Reversal and/or Remand of the Commissioner's Decision (Doc. No. 23; "Pl.'s Mem."), filed January 15, 2021, at 4, 11, 16, 18 (some capitalization omitted). On March 15, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings for substantive consideration of the new evidence submitted to the Appeals Council.

On remand, an evaluation of the new evidence submitted to the Appeals Council may impact the Administration's consideration of the various medical opinions and Plaintiff's alleged symptoms and limitations. For this reason, the Court need not address Plaintiff's remaining issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where the ALJ ended the inquiry based on his finding at that step. See Tr. at 23-32. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 1, 2015, the alleged onset date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, osteoarthritis of the knees, status post history of knee surgery, hypertension, and a history of asthma." Tr. at 23 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 26 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform sedentary to light work as defined in 20 [C.F.R. §§] 404.1567(a)-(b) and 416.967(a)-(b). Specifically, she has the ability to lift, carry and push/pull 20 pounds occasionally (up to one-third of the day), and 10 pounds frequently (up to two-thirds of the day); sit for four hours at a time and a total of eight hours during an eight hour day, and stand and/or walk for one hour at a time and a total of three hours during an eight hour day. She cannot climb ropes, ladders, or scaffolds, but can occasionally climb stairs [and] ramps. She has an unlimited ability to balance and stoop, and can occasionally kneel, crouch, and crawl. She has no limitations regarding manipulation, vision, or communication, but has environmental limitations precluding concentrated exposure to extreme heat, humidity, respiratory irritants, and work hazards including unprotected heights and dangerous machinery. Mentally, she has no significant limitations.

Tr. at 26 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a Claims Clerk, a Claims Adjuster, a Mortgage Clerk, and a Customer Service Representative" because such work "does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 31 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from December 1, 2015, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

6

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R.

7

§§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1322 (11th Cir. 2015). In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." Id.

In Stone v. Soc. Sec. Admin., 658 F. App'x 551, 553 (11th Cir. 2016), on the other hand, the Court found that newly submitted medical records were not

8

chronologically relevant. In doing so, the Court observed that the circumstances were "significantly different" from those in Washington because the new records in Stone "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision. Id. at 554.

Similarly, in Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309-10 (11th Cir. 2018), the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington." Hargress, 883 F.3d at 1309-10. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." Id. at 1310.

At the end of the day, although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," id. at 1309 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to

9

consider evidence, it commits legal error and remand is appropriate," Washington, 806 F.3d at 1320.[6]

Here, the challenged evidence is an Arthritis Medical Source Statement completed on June 4, 2019, three months after the ALJ issued the Decision on March 6, 2019. See Tr. at 8-12. The statement was completed by Michael Scheer, M.D., who at the relevant time was employed by Shands Jacksonville, Plaintiff's treating source. Dr. Scheer indicated Plaintiff "is usually seen every 1-2 months and has been in our care since Oct. 2017." Tr. at 8. When asked to provide "[o]ther clinical findings," Dr. Scheer stated, "please refer to previously submitted docs." Tr. at 8. Focusing on Plaintiff's knee problems and osteoarthritis, Dr. Scheer assessed a number of functional limitations that, if accepted, would result in a finding of disability under the SSA's rules. See Tr. at 8-11. He indicated that the impairments have lasted or can be expected to last at least twelve months. Tr. at 9.

---

[6] By contrast, if the Appeals Council actually considers evidence first presented to it but denies review, different standards apply. If a claimant challenges the Appeals Council's denial in that instance, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67; see also Mitchell, 771 F.3d at 785.

10

The Appeals Council acknowledged that Plaintiff "submitted an Arthritis Medical Source Statement from Michael Sc[h]eer, M.D., dated June 4, 2019 (5 pages)." Tr. at 2. But, the Appeals Council found that "this additional evidence does not relate to the period at issue" and "does not affect the decision about whether [Plaintiff was] disabled beginning on or before March 6, 2019." Tr. at 2. Thus, the record reflects that the Appeals Council refused to substantively consider the opinion. See Hargress, 883 F.3d at 1309 (finding Appeals Council "declined to consider" new evidence when Appeals Council stated the new evidence was "about a later time" and "did 'not affect the decision about whether [Plaintiff was] disabled beginning on or before February 24, 2015'").

Plaintiff contends the Appeals Council erred in refusing to consider Dr. Scheer's opinion because it "is new, material, chronologically relevant, and the opinions contained therein are contrary to the weight of the ALJ's actions, findings, and conclusions, warranting remand for further consideration of the evidence." Pl.'s Mem. at 4-5. Responding, Defendant challenges whether the opinion is chronologically relevant because "it is not clear whether [Dr. Scheer] reviewed [the Shands] treatment notes in formulating his opinion." Def.'s Mem. at 7. Even if the opinion does relate back, argues Defendant, "the Court should nevertheless affirm because there is no reasonable possibility that it would change the ALJ's [D]ecision." Id. at 8 (citation omitted).

11

Upon review, the undersigned finds the Appeals Council erred in refusing to substantively consider Dr. Scheer's opinion. The form on which Dr. Scheer's opinion appears is dated only three months after the ALJ's Decision. Dr. Scheer's reference to Plaintiff being "in our care since Oct. 2017" and "previously submitted docs," Tr. at 8, show that he relied on the Shands treating records in addition to the symptomology he specifically described on the form. Although not conclusive evidence that he <u>reviewed</u> the treating records, his detailed descriptions of Plaintiff's diagnoses and symptomology on the form, combined with his referencing the records, makes it highly likely that he reviewed them. In any event, his statement that Plaintiff was being treated at Shands for almost a year and a half during the relevant time (October 2017 through the ALJ's March 2019 Decision) makes the opinion on the form chronologically relevant. Further, Dr. Scheer opined that Plaintiff's limitations had lasted or could be expected to last 12 months. Finally, there is no contention that Plaintiff's condition significantly worsened after the ALJ's Decision, and the evidence submitted to the Appeals Council does not demonstrate such a worsening. Cf. Stone, 658 F. App'x at 554.

As to Defendant's contention that there is no reasonable possibility the opinion would change the ALJ's Decision, the undersigned disagrees. Again, Dr. Scheer's stated limitations, if accepted, would result in a finding of disability. It is for the SSA, not the undersigned, to determine whether to accept

the limitations in the first instance.

In light of the above, Dr. Scheer's opinion is new, material, chronologically relevant, and carries a reasonable probability of changing the administrative result. The Appeals Council thus erred in refusing to substantively consider Dr. Scheer's opinion, and remand is required. See Washington, 806 F.3d at 1320; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).[7]

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Consider the additional evidence submitted to the Appeals Council;

(B) If appropriate, address the other issues raised by Plaintiff in this appeal; and

---

[7] Defendant challenges whether Dr. Scheer personally treated Plaintiff at Shands. See Def.'s Mem. at 9-10. While the undersigned has not located in the Shands treatment records Dr. Scheer's name specifically, it appears a number of treating providers have treated Plaintiff there for various reasons. See Tr. at 784-898. Most of the treatment for knee-related issues was by an advanced registered nurse practitioner ("ARNP"). See Tr. at 784-898. It is likely that the ARNP was working in conjunction with Dr. Scheer, but in any event, Dr. Scheer acknowledges Plaintiff has been "in our care since Oct. 2017" on the relevant form, Tr. at 8, implying he personally treated her during the relevant period.

   (C) Take such other action as may be necessary to resolve these claims properly.

  2. The Clerk is further directed to close the file.

  3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

  **DONE AND ORDERED** in Jacksonville, Florida on September 28, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

14